{¶ 37} I concur with the majority's well-reasoned opinion with respect to the first assignment of error. However, I respectfully dissent with the majority's decision on the second assignment of error and the majority's disposition of the third assignment of error.
 {¶ 38} Absent strong evidence supporting the reversal of a trial court's decision concerning scheduling and the handling of its docket, an appellate court should not second-guess or reverse such a decision. In this case, there is no such evidence. The majority states that "without some indication in the record as to why a certain decision is made, we are left to speculate with respect to the reasons." I disagree.
 {¶ 39} First, an appellate court should never speculate. An appellate court should strive to make its decision on the basis of the record before it and limit such decision to the evidence presented in that record.
 {¶ 40} Second, in most cases, a lower court's decision is entitled to a presumption of correctness when there is no record to be reviewed.State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372, at 433. The party seeking to challenge a lower court's continuance decision bears the burden of introducing evidence or other proper documentation into the record to support its request for a continuance.
 {¶ 41} In this case, the record does not support a finding that the lower court abused its discretion or violated appellant's due process rights. Appellant obviously had enough time to travel to Ohio for the hearing and was represented by legal counsel at that hearing. Five days is sufficient time to subpoena witnesses, especially when your attorneys are located in Ohio.
 {¶ 42} I also, respectfully, disagree with the majority's application of R.C. 3109.23(B) and (C) to this show cause — contempt proceeding. R.C. 3109.23 applies only to "making a parenting decree." This appeal concerns a motion to show cause, a motion for attorney's fees, and a motion to modify child support enforcement records. Since this appeal does not involve the making of a parenting decree, but rather the subsequent enforcement of one, R.C. 3109.23(B) and (C) do not apply to these motions or this appeal.
 {¶ 43} Finally, the record does not support appellant's third assignment of error with respect to the manifest weight of the evidence and/or sufficiency of the evidence.
 {¶ 44} For these reasons, I concur with the majority's opinion as to the first assignment of error, but dissent as to the disposition of the second assignment of error. I would therefore affirm the judgment of the Lake County Court of Common Pleas, Juvenile Division.